# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-1845V

* * * * * * * * * * * * * * * * * * * * * * *
```
                                    *
TERRY W. CHRISMAN,                  *        Chief Special Master Corcoran
                                    *
              Petitioner,           *        Filed:  July 11, 2024
                                    *
       v.                           *
                                    *
SECRETARY OF HEALTH AND             *
HUMAN SERVICES,                     *
                                    *
              Respondent.           *
                                    *
```
* * * * * * * * * * * * * * * * * * * * * * *

*Kevin A. Mack,* Law Offices of Kevin A. Mack, LLC, Tiffin, OH, for Petitioner.

*Mallori B. Openchowski*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IN PART FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On September 13, 2021, Terry Chrisman filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that an influenza ("flu") vaccine he received on November 16, 2018, caused him to incur Guillain-Barré syndrome ("GBS"). *Id.* In his Rule 4(c) Report, Respondent contested that the Table elements for a GBS injury could not be met under the facts of this case. Thereafter, I directed the parties to file briefs in support of their respective positions, and on April 18, 2024, I issued a decision denying entitlement, that was not subsequently appealed. *See* Decision, dated April 18, 2024 (ECF No. 39).

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated May 15, 2024 (ECF No. 41) ("Mot."). This is Petitioner's sole fees and costs requests. Petitioner requests a total of $27,010.75 in attorney's fees and costs ($26,253.15 in fees, plus $757.60 in costs) for the work of attorney Kevin Mack, Esq. Mot. at 1. Respondent reacted to the fees request on May 29, 2024 (ECF No. 43) ("Resp."). Respondent defers to my discretion as to whether the statutory requirements for an award of attorney's fees and costs are met in this case, and if so, the calculation of the amount to be awarded. Resp. at 2–3. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$24,520.75.**

## ANALYSIS

### I.      Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g., Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Although Petitioner's claim was ultimately unsuccessful, I find there was sufficient objective basis to entitle him to a fees and costs award. Petitioner's injury did have some record-supported features of GBS, even though he could not ultimately establish it to be the most likely diagnosis. Accordingly (and because I find no other reason to deny fees despite the claim's disposition), a final award of fees and costs in this matter is appropriate.

## II.     Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney and support staff, based on the years work was performed:

|  | **2020** | **2021** | **2022** | **2023** | **2024** |
|---|---|---|---|---|---|
| **Kevin Mack (Attorney)** | $385.00 | $385.00 | $385.00 | $385.00 | $385.00 |

ECF No. 41-1 at 1–4.

Mr. Mack's office is located in Tiffin, Ohio—approximately fifty-five miles southeast of Toledo and approximately two hours from Cleveland and Columbus, Ohio, as well as Detroit, Michigan.[5] Toledo and Cleveland are both located in the jurisdiction of the U.S. District Court for the Northern District of Ohio, and special masters have previously awarded forum rates to attorneys based in Cleveland. *See Kami v. Sec'y of Health & Hum. Servs.*, No. 17-1468V, 2018 WL 7049397, at *2–3 (Fed. Cl. Spec. Mstr. Nov. 30, 2018). Thus, I find it appropriate to award Petitioner's counsel forum rates, consistent with an attorney based in Cleveland, Ohio.

Mr. Mack, however, was previously awarded the lesser rate of $325.00 per hour for time billed in 2020 and 2021. *See Borris v. Sec'y of Health & Hum. Servs.*, No. 18-1518V, 2021 WL 4125149, at *2 (Fed. Cl. Spec. Mstr. Aug. 6, 2021) (awarding Mr. Mack $325.00 per hour for time billed in 2019 to 2021). Therefore, I will reduce Mr. Mack's rate for work performed in 2020 and 2021 to reflect that previously-adopted rate, [6] which is also in accordance with the Office of Special Masters' fee schedule.[7] Application of this reduced rate results in a reduction of **$2,442.00**. For the years 2022-24, however, I will award the requested rate of $385.00 per hour. While it represents a slightly larger than usual year-to-year rate increase, the overall hourly sum remains on the lower end of the spectrum for attorneys with approximately forty years of experience (like Mr. Mack), and thus is fair, given his overall lack of his experience in the Program.

---

[5] About Tiffin, https://www.tiffinohio.gov/about (last visited July 11, 2024).

[6] This amount consists of $385.00 - $325.00 = $60.00 x 40.7 hrs = $2,442.00.

[7] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node/2914 (last visited July 11, 2024).

### III. Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $757.60 in outstanding costs, including the filing fee, medical record retrieval costs, and mailing costs. I find the majority of these costs reasonable—with the exception of the requested cost for the Court's filing fee, which reflects a higher amount than what was actually paid.[8] All other litigation-related costs are typical in Program cases, were reasonably incurred in this matter, and are thus eligible for reimbursement. Accordingly, I award in costs the lesser sum of **$709.60.**

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of final fees award, I **GRANT IN PART** Petitioner's Motion for Final Attorneys' Fees and Costs. I award a total of **$24,520.75**, reflecting $23,811.15 in fees and $709.60 in costs, in the form of a check made jointly payable to Petitioner and Petitioner's counsel, Kevin A. Mack.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[9]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[8] Petitioner's Motion for Attorney's Fees and Costs reflects an expense entry for the Court's Filing Fee at $450.00. However, the CM/ECF Docket Entry reflects an amount of $402.00 for the Filing Fee. Accordingly, I will reduce this particular expense to reflect the correct amount. This results in a reduction of $48.00 ($450.00 - $402.00 = $48.00).

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.